[No. 260.   Decided June 19, 1891.]

W. C. P. McGOVERN v. JAMES C. FAIRCHILD, *Treasurer of Pierce County.*

SCHOOL DISTRICTS—EXTENSION OF CITY LIMITS.

Under the Laws 1889-90, p. 386, §§ 1 and 2, cities of more than ten thousand inhabitants can, by an extension of their city limits, embrace other and independent school districts, and by such extension prematurely end the official terms of the school officers of the districts or parts of districts so brought into the extended city limits.

In such cases, upon the annexation of additional territory, it all becomes merged in the school district comprising the city, and, the officers of the district so annexed at once ceasing to hold office, the enlarged district becomes subject to the control of the board of education of said city as constituted before such enlargement.

*Certified from Superior Court, Pierce County.*

Application by W. C. P. McGovern to the superior court of Pierce county for a writ of mandate to compel James C. Fairchild, county treasurer, to pay certain school warrants authorized by the school directors of a certain district which had been included within the city limits of Tacoma by a recent extension thereof. The court granted a peremptory writ, and certified certain questions to the supreme court for its opinion thereon.

*O'Brien & Hedger,* for plaintiff.

*W. H. Snell,* Prosecuting Attorney, and *Charles Bedford,* for defendant.

The opinion of the court was delivered by

HOYT, J. — This was a *mandamus* proceeding to compel the county treasurer of Pierce county, as *ex officio* treasurer of school district No. 60, to pay a certain school warrant purporting to be issued by the directors of said

district.   The court below granted a peremptory writ, and in so doing certified to this court certain questions of law which in the opinion of the court were involved therein, and were of such importance that the opinion of this court should be had thereon.   These questions, as stated by said judge, are as follows:

"In cities of more than ten thousand inhabitants, can the city limits be extended and embrace within its extended limits other school districts which before were entirely independent districts, with board of directors and other officers, and by such extension (when completed as required by law) abolish and prematurely end the official terms of such school trustees or directors and clerks, in the district or parts of districts so brought in?

"Or shall such directors and officers continue to serve until their term expires as a part of an enlarged board of education, consisting of the old board and all those residing in the extended limits?

"Or shall such districts continue as separate and independent districts, notwithstanding such extension of the city limits?

"What power has the old board of education of the city district to bind the enlarged district, or to control the funds and property of the said outlying districts?"

It will be seen by the questions thus submitted to this court for decision that this controversy grows out of complications arising by reason of the annexation of certain outlying territory to the city of Tacoma, and its effect upon outside school districts included in the limits so annexed to the said city.   The learned judge of the court below was of the opinion that all such territory, when annexed to said city, became a part of school district No. 10, comprising the city of Tacoma, and with this position I am entirely content, as I think it clearly warranted by the statutes relating to that subject.   The judge of the court below was of the further opinion that, although said enlarged city comprises but one school district, yet, under the provisions of § 2 of

the act of 1889–90, relating to school districts in cities of more than 10,000 inhabitants, the directors of the districts which were before the enlargement of the city limits outside of the same would continue in office, after being included therein, until their full term of office expired, and would become members of the board of education of said city, and that, until there had been an organization of the new board as thus enlarged, the old boards of the outlying districts should continue to act therefor. Appellant contends that this conclusion of the learned judge is erroneous, and with this contention I agree. In my opinion, the proviso to said § 2, upon which the learned judge below seems to have founded his opinion, has no relation to the question of territory annexed to a city, as shown by the facts in this case. The only office of that proviso was to provide for the first organization of districts in cities of more than 10,000 inhabitants which theretofore had comprised more than one district. Such district once formed, and its board of directors organized, such proviso, so far as that city was concerned, no longer had force. I am of the opinion that so soon as said territory was annexed, it all became merged in the school district comprising the city, and that the officers of the district so annexed at once ceased to hold office, and that the enlarged district became subject to the control of the board of education of said city, as constituted before such enlargement. We therefore answer the first clause of the questions submitted in the affirmative; the second and third in the negative; and as to the fourth clause we say that the old board has plenary power as to the subjects therein enumerated. It follows that the action of the court in granting a peremptory writ of *mandamus* must be reversed, and the cause remanded, with instructions to deny the writ.

ANDERS, C. J., and SCOTT, STILES, and DUNBAR, JJ., concur.