[No. 379.   Decided November 18, 1891.]

THE CITY OF SEATTLE SCHOOL DISTRICT No. 1, IN KING COUNTY, STATE OF WASHINGTON, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF KING COUNTY, STATE OF WASHINGTON, *et al.*, *Respondents*.

SCHOOLS—TAXATION—ENLARGEMENT OF SCHOOL DISTRICT—CORRECTION OF ASSESSMENT.

Where a school district composed of a city of 10,000 or more inhabitants has been enlarged by proper proceedings, therefor, the funds for the schools in such enlarged district should be raised from the whole district by equal taxation, and, under the provisions of § 30, Laws 1889–90, p. 394, the question of providing the funds cannot be affected by the fact that the assessment period commenced prior to the enlargement, or that the boundaries of the district have been changed since the commencement of the assessment period.

Where the map of the county showing school district boundaries required by statute (Laws 1891, p. 300, § 53) to be furnished the ass ssor by the county commissioners has not been corrected by the assessor after the enlargement of a certain school district in the county, and the assessment list made to tally therewith, it is the duty of the auditor, from the data in his possession, to make the necessary corrections in extending the tax.

*Appeal from Superior Court, King County.*

This is a proceeding commenced by the appellant to secure a peremptory writ of *mandamus* against the respondents, requiring them to levy and extend on the tax rolls of King county, Washington, an assessment for school purposes on that portion of the city of Seattle which was added to the city June 1, 1891. The city of Seattle constituted an independent school district of King county, known as the city of Seattle school district No. 1, in King county, State of Washington, with certain specified boundaries, on the 1st day of April, 1891. The assessment for that year was made and returned by the assessor as required by law, based upon the valuation and situation of

the property in King county as it was on the 1st day of April, 1891. Subsequently, on the 1st day of June, 1891, the boundaries and the corporate limits of the city of Seattle were extended so as to take in additional territory, thereby absorbing entirely one or more of the common school districts of King county, and portions of others. Upon the affidavit of W. H. Hughes filed in said cause, an order was made by the court requiring the respondents to show cause why the peremptory writ of *mandamus* should not issue as prayed. The respondents moved to quash the affidavit and order. The motion of respondents was granted, and final judgment entered dismissing the application and denying the petition.

From this judgment the school district has appealed to this court.

*White & Munday*, for appellant.

*Austin G. McBride*, and *Andrew F. Burleigh*, for respondents.

The opinion of the court was delivered by

Stiles, J.—The purpose of this proceeding was to obtain a construction of the first clause of § 30 of the act of March 26, 1890, relating to common schools in cities of 10,000 or more inhabitants. Acts, p. 386. The clause reads: "The board of education shall annually, at a meeting next preceding the annual tax levy for state and county purposes, report to the county commissioners an estimate of the amount of funds required for the support of the schools, etc., . . . and the county commissioners are hereby authorized and required to levy and collect said amount the same as other taxes." It appears that by proper proceedings, and in accordance with the law on that subject, the boundaries of the city of Seattle were somewhat enlarged on the 1st day of June, 1891, and the board

of education have reported the amount of funds required, and requested that amount to be levied and collected upon the property in the district as enlarged; but the board of commissioners decline to levy upon any property except such as was within the city limits prior to the enlargement. A *mandamus* was asked, requiring the commissioners and other county officers to levy, extend and collect the tax, which the superior court refused.

Counsel furnished us with valuable briefs relating to the matter of the assessment of property for taxation, and the period for which the annual levy of taxes is made; but with all deference we cannot see wherein either matter has a bearing upon the question as to the duty of the officers sought to be controlled. The revenue law (Acts 1891, p. 309, § 74) requires the board of county commissioners, at its November session in each year, to levy a tax. Sec. 13 of the act of March 26, 1890, requires the board of education to hold monthly meetings; and § 30 requires the latter board, at its meeting next preceding the annual tax levy, to fix the amount required for certain school purposes, which the former board is required to collect. Now, the school district, by the voluntary act of the people, both in the old limits and in the added territory, was enlarged June 1st, and immediately the school board and funds of the district, as enlarged, were charged with the maintenance of schools in the whole district, and the remainder of the county was relieved therefrom. *McGovern v. Fairchild,* 2 Wash. 479 (27 Pac. Rep. 173). The funds for the schools should therefore be raised from the whole district by equal taxation. So much would be conceded upon grounds of natural justice. But when to that we add the plain direction of § 30, we think there can be no room for question or construction. When the assessment period commenced, or where the boundaries of the districts were then, or when the money will be expended, cannot affect the question of

providing the funds.   The peremptory writ should be allowed, and it is so ordered.

ANDERS, C. J., and SCOTT, HOYT and DUNBAR, JJ.,
concur.

### ON PETITION FOR REHEARING.

The petition for a rehearing on file in this case seeks no
reconsideration of the court's decision, but an exemplification of it, as though the petition for the writ had named
the various acts each officer was expected to perform.

The application was merely for a writ to require the
board of commissioners to levy the tax over the added territory, and the other officers to collect it, and on that basis
the decision was made.   The difficulty seems to be that
the officers do not quite understand how they are to perform the duty required of them.   That would seem to be
a matter upon which they should consult their legal advisers, but as this is a case of singular emergency we see
no objection to our stating that, from the rather hasty survey of the law which we have been able to make since this
case came up, there can be no difficulty in the auditor's
correcting the tax roll so that it shall conform to the facts,
although the assessor may have made errors.   The statute
(1891, p. 300, § 53) requires the commissioners to furnish
the assessor a map of the county, showing the school district boundaries.   This map should have been corrected
after the annexation of June 1, and the assessor's report or
list would have tallied with it, when returned.   This not
having been done, the auditor, from the data in his possession, in extending the tax, should make the necessary
corrections.   With real property there can be no difficulty;
and with personalty none, if, as required by the statute,
the property lists show the residence of each person taxed,
since the general rule is that personalty follows the residence of the taxpayer.   If the record shows exceptions to

this rule the rule should not be followed in those cases, but such other exceptional rule as the cases may require under the statute.

ANDERS, C. J., and SCOTT, HOYT and DUNBAR, JJ., concur.